Judge James L. Robart

13-CR-00207-PLAGR

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

SEP -4 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEP

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| UNITED STATES OF AMERICA, | NO. CR13-207JLR |
|---|---|
| Plaintiff | PLEA AGREEMENT |
| v. | |
| BENJAMIN GRAN, | |
| Defendant. | |

The United States of America, by and through Jenny A. Durkan, United States Attorney for the Western District of Washington, and Marci L. Ellsworth, Assistant United States Attorney for said District, and Defendant, BENJAMIN GRAN, and his attorney, Michael Iaria, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A):

1. <u>The Charge</u>. Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Count 2 of the Indictment, that is, Possession of Child Pornography, in violation of Title 18, United States Code, Sections 2252(a)(4)(B) and 2252(b)(2). By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering his plea of guilty, Defendant will be

PLEA AGREEMENT - 1
United States v. Gran (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. <u>Elements of the Offense</u>. The elements of the offense of Possession of Child Pornography, as charged in Count 2 of the Indictment, in violation of Title 18, United States Code, Section 2252(a)(4)(B), are as follows:

First, Defendant knowingly possessed matters that contained an image of child pornography as defined in Title 18, United States Code, Section 2256(8);

Second, such child pornography had been transported in interstate or foreign commerce by any means, including by computer; and

Third, Defendant knew that such items constituted child pornography.

"Child pornography" as defined in Title 18, United States Code, Section 2256(8), means any visual depiction, including any photograph, film, video, picture, or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaged in sexually explicit conduct; (B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that of a minor engaged in sexually explicit conduct; or (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct.

3. <u>The Penalties</u>. Defendant understands that the statutory penalties for the offense of Possession of Child Pornography, as charged in Count 2 of the Indictment, are as follows: imprisonment for up to ten years, but if the United States can prove that Defendant knowingly possessed child pornography depicting minors who had not yet attained twelve years of age, the maximum period of imprisonment is twenty years; a fine of up to $250,000.00; a period of supervision following release from prison for at least five years, and up to life, pursuant to Title 18, United States Code, Section 3583(k); and a $100.00 penalty assessment. Defendant agrees that the penalty assessment shall be paid at or before the time of sentencing.

PLEA AGREEMENT - 2
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, he could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, including mandatory restitution pursuant to Title 18, United States Code, Section 2259, as required by law. Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs or restitution, is due and payable immediately, and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. <u>Rights Waived by Pleading Guilty</u>. Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

    a. The right to plead not guilty and to persist in a plea of not guilty;

    b. The right to a speedy and public trial before a jury of his peers;

    c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

    d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

    e. The right to confront and cross-examine witnesses against Defendant at trial;

    f. The right to compel or subpoena witnesses to appear on his behalf

PLEA AGREEMENT - 3
United States v. Gran (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

at trial;

  g. The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

  h. The right to appeal a finding of guilt or any pretrial rulings.

5. <u>United States Sentencing Guidelines</u>. Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

  a. The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

  b. After consideration of the Sentencing Guidelines and the factors in Title 18, United States Code, Section 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

  c. The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

PLEA AGREEMENT - 4
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

d. Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6. <u>Joint Agreements</u>. The parties jointly agree to the following:

a. <u>Pre-Sentence Psychosexual Assessment</u>. Defendant shall submit to a sex offender evaluation/psychosexual assessment pursuant to Title 18, United States Code, Section 3552(b), to be completed prior to sentencing. The evaluation will be conducted by a qualified mental health professional who has been approved by the United States Probation Office. Defendant may select the evaluator so long as s/he has been approved as set forth above and is available within a reasonable time to allow sentencing to proceed as scheduled at the time of entry of the guilty plea. Defendant agrees to submit to all evaluation procedures, to include phallometry, plethysmograph, and polygraph testing, and the disclosure of any prior treatment records and sexual deviancy evaluations, as deemed necessary by the mental health professional.

b. <u>Waiver of Confidentiality</u>. Defendant waives any right to confidentiality and authorizes the above-described provider conducting the psychosexual evaluation (and any subsequent treatment) to supply a written report(s) to the United States Probation Office, defense counsel and government counsel. Such report(s) may be considered by the Court in determining the appropriate sentence and conditions of Supervised Release.

c. <u>Polygraph Testing</u>. Defendant agrees to participate in polygraph testing at the direction of his probation officer and/or treatment staff to monitor his compliance with supervised release and treatment conditions

d. <u>Conditional Use/Derivative Use Immunity</u>. As a condition of any pre-sentence or post-sentence evaluation or psychosexual assessment, or any court-mandated evaluation and treatment, Defendant will be required truthfully to reveal his entire sexual history, including the possibility of other sexual offenses. As a condition of polygraph testing during any pre-sentence or post-sentence evaluation, treatment or supervision by U.S. Probation, Defendant will be required to answer all questions

PLEA AGREEMENT - 5
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

truthfully. In recognition of the fact that full disclosure of defendant's sexual history and truthful answers to any polygraph testing are necessary components of effective evaluation and treatment, the government agrees that Defendant's admissions during any court-ordered psychosexual evaluation and/or sex offender treatment of sexual crimes (excluding homicide) previously undisclosed to any law enforcement entity and any admissions during any polygraph testing of sexual crimes (excluding homicide) will not be used directly or indirectly against Defendant in a new criminal prosecution by the United States Attorney's Office for this District. The government further agrees that it will recommend that this use immunity be adopted by any other United States Attorney's Office, any other office or agency of the United States, and any state or local prosecuting office contemplating the future investigation or prosecution of Defendant. However, the parties acknowledge and agree that this use immunity and derivative use immunity is expressly conditioned upon: (1) Defendant successfully completing sexual deviancy treatment, and (2) Defendant not materially violating the rules of supervised release by committing a sexual crime or a crime involving or relating to the sexual exploitation of children after the date of this agreement. If Defendant fails to satisfy one or both of the above-described conditions, then the government may rescind this immunity agreement and may use defendant's previous statements directly and indirectly against him.

  e. <u>Registration as a Sex Offender</u>. Defendant stipulates and agrees that based on the Sex Offender Registration and Notification Act, Title 42, United States Code, Section 16911 et seq., he is entering a plea of guilty to a sex offense and is a sex offender as those terms are defined in the Act. Defendant further agrees that pursuant to the Act, he is required to register as a sex offender, and keep the registration current, in each jurisdiction where Defendant resides, is an employee, and is a student. Defendant further agrees that for initial registration purposes only, Defendant is required also to register in the jurisdiction in which Defendant is convicted if such jurisdiction is different from the jurisdiction of residence.

PLEA AGREEMENT - 6
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

7. <u>Sentencing Factors</u>. The parties agree and stipulate that the following Sentencing Guidelines provisions apply to this case:

    a. A base offense level of 22, pursuant to USSG § 2G2.2(a)(2) and USSG §1B1.2(c);

    b. A two-level decrease because defendant's conduct was limited to the receipt of child pornography and the defendant did not intend to traffic in, or distribute, such material, pursuant to USSG § 2G2.2(b)(1);

    c. A two-level increase for possession of material depicting a prepubescent minor or a minor who has not attained the age of 12 years, pursuant to USSG § 2G2.2(b)(2);

    d. A four-level increase for material that portrays sadistic or masochistic conduct or other depictions of violence, pursuant to USSG § 2G2.2(b)(4);

    e. A two-level increase for use of a computer, pursuant to USSG § 2G2.2(b)(6); and

    f. A five-level increase for the possession of more than 600 images, pursuant to USSG § 2G2.2(b)(7)(D).

The parties agree that the stipulated facts as set forth in Paragraph 11 establish the commission of a more serious offense than the offense of conviction, and agree that, pursuant to section 1B1.2(c) of the United States Sentencing Guidelines, the base offense level set forth in section 2G2.2(a)(2) is the applicable base level in this case. The parties further agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining his Sentencing Guidelines range

In exchange for Defendant's agreement to submit to a pre-sentence psychosexual evaluation and to provide the results to the government, the United States Probation Office and the Court for the purposes of determining the appropriate sentence and

PLEA AGREEMENT - 7
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

conditions of supervised release, the government will recommend a further reduction of three levels from the base offense level.

8. <u>Acceptance of Responsibility</u>. The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to section 3E1.1(a) of the United States Sentencing Guidelines, and if the offense level is sixteen or greater, his total offense level should be decreased by three levels pursuant to sections 3E1.1(a) and (b) of the United States Sentencing Guidelines, because Defendant has assisted the United States by timely notifying the authorities of his intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

9. <u>Sentencing Recommendation</u>. The United States agrees that it will recommend a sentence no higher than the low end of the Sentencing Guidelines range, as calculated by the Court at the time of sentencing. Defendant is free to recommend whatever sentence he chooses. Both parties agree to recommend a lifetime term of supervised release.

10. <u>Ultimate Sentence</u>. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

11. <u>Statement of Facts</u>. The parties agree on the following facts. Defendant admits he is guilty of the offense charged in Count 2 of the Indictment, Possession of Child Pornography.

    a. On July 8, 2011, HSI agents executed a search warrant at Defendant's residence in Auburn, Washington. Among the items seized that day were a DVD labeled "Titanic," and an Antec desktop computer containing an internal Seagate hard drive. Subsequent review of the "Titanic" DVD revealed 45 videos of child pornography, some of which depicted minors under the age of twelve years old. Defendant transferred the 45 videos of child pornography from the Seagate hard drive to the DVD, and wrote the word "Titanic" on the DVD.

    b. Defendant received these 45 videos of child pornography over the Internet. Defendant knew that these videos depicted minors engaged in sexually explicit conduct, and knew that some of the minors depicted in the

PLEA AGREEMENT - 8
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

videos were under the age of twelve. Defendant also knew that some of the videos depicted sadistic or masochistic conduct, or other depictions of violence. One of the videos found in Defendant's possession on July 8, 2011, depicts an adult man inserting his erect penis into the vagina of a child victim between the ages of three and five years old.

c. Subsequent forensic review of the Seagate hard drive revealed that, at one time, there was an extensively organized collection of child pornography on the hard drive. Some of the folders and subfolders had names such as "PTBoys," and "cumbaby." Forensic examination also revealed that Defendant had attempted to delete his collection of child pornography from the Seagate hard drive by overwriting the data with a folder titled "phil_and_bens_photos."

12. Forfeiture. Defendant agrees to immediately forfeit to the United States, pursuant to Title 18, United States Code, Section 2253(a), all of his rights, titles and interests in any and all property, real or personal, that was used, or was intended to be used, to commit or to promote the commission of the charged offenses, and any visual depictions, as described in Title 18, United States Code, Section 2256, that were produced, transported, mailed, shipped, received or possessed in violation of Title 18, United States Code, Chapter 110, including, but not limited to, the following assets:

    a. One DVD labeled "Titanic";

    b. One Antec desktop computer containing an internal Seagate hard drive; and

    c. Any and all images of child pornography, in whatever form and however stored.

13. Non-Prosecution of Additional Offenses. As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees to move to dismiss Count 1 of the Indictment at the time of sentencing, and further agrees to not prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence

PLEA AGREEMENT - 9
United States v. Gran (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees and acknowledges that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

14. <u>Breach, Waiver, and Post-Plea Conduct</u>. Defendant agrees that if he breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if he is in breach of this Plea Agreement, Defendant has waived any objection to the institution of any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Agreement, he should engage in illegal conduct, or conduct that is in violation of his conditions of confinement or release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration. Such a sentence could include a sentencing enhancement under the United States Sentencing Guidelines or an upward departure from the applicable sentencing guidelines range.

15. <u>Waiver of Appeal</u>. As part of this Plea Agreement and on the condition any custodial sentence imposed by the Court is within or below the Sentencing Guidelines

PLEA AGREEMENT - 10
United States v. Gran (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

range (or the statutory mandatory minimum, if greater than the Guidelines range) that is determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742 to appeal the sentence, including any restitution order imposed; and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

Furthermore, this waiver does not preclude Defendant from bringing an appropriate motion pursuant to Title 28, United States Code, Section 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

16. <u>Voluntariness of Plea</u>. Defendant agrees that he has entered into this Plea Agreement freely and voluntarily, and that no threats or promises, other than the promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

17. <u>Statute of Limitations</u>. In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

PLEA AGREEMENT - 11
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

18. <u>Completeness of Agreement.</u> The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties. This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

DATED this 4th day of September, 2013.

_____
BENJAMIN GRAN
Defendant

_____
MICHAEL IARIA
Attorney for Defendant

_____
MARCI L. ELLSWORTH
Assistant United States Attorney

PLEA AGREEMENT - 12
*United States v. Gran* (CR13-207JLR)

UNITED STATES ATTORNEY
1201 PACIFIC AVENUE, SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800